### RICH v. MINOLFI.

(Supreme Court, Appellate Division, First Department. July 10, 1913.)

SALES (§ 288*)—WARRANTY OF QUALITY—INSPECTION BY BUYER.

    An importer of a quantity of beans which he had sold prior to their arrival, who inspected the beans on the dock, and observed the defects which rendered them unmarketable, but nevertheless accepted them and shipped them to his customers, cannot thereafter recover from the importer in an action upon a warranty of quality.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 817–823; Dec. Dig. § 288.*]

Appeal from Trial Term, New York County.

Action by Harry Rich against Salvatore Minolfi. Judgment for the plaintiff, and defendant appeals. Reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Frank Wasserman, of New York City, for appellant.

Jacob J. Lesser, of New York City, for respondent.

SCOTT, J. The action is for damages for a breach of warranty. Plaintiff's assignor is an importer in the city of New York of Italian food products. Defendant is an exporter in Genoa, Italy. In July, 1910, a contract was made by cable and correspondence for the purchase and shipment of 300 quintals of black-eyed beans, which, as it

appears, is a well-known description of bean, differing widely in quality. In the course of the correspondence the defendant wrote "the quality it is understood must be that corresponding to the general average of the year," to which, so far as appears, the plaintiff's assignor took no exception. There is no evidence what the average quality of the year was. Defendant in fact shipped only 177½ quintals, which were paid for upon shipment through a banker in Genoa. The beans arrived in several shipments, each of which was examined by plaintiff's assignor upon the dock as it arrived, and then shipped to customers to whom they had been sold, "to arrive." The beans were of very bad quality; the customers to whom they were shipped refused to receive them; unsuccessful efforts were made to sell them at auction; and they were finally dumped as refuse. The plaintiff has recovered, as for a breach of warranty, the price paid for the beans, plus freight and duty.

There is no doubt that the beans delivered were almost, if not quite, unmarketable, but the difficulty with the plaintiff's case is that their defects were visible upon mere inspection, and were in fact observed by plaintiff's assignor when the examination was made upon the dock. Then was the opportunity for the purchaser to have rejected them; and, if he had acted promptly, he probably would have had a good cause of action to recover the purchase price and the expense to which he had been put. He did not do this, however, but accepted the beans and undertook to deliver them, as if merchantable, upon contracts already made. The case, as made by the proofs, does not differ in principle from Waeber v. Talbot, 43 App. Div. 180, 59 N. Y. Supp. 396, affirmed 167 N. Y. 48, 60 N. E. 288, 82 Am. St. Rep. 712, in which the contract was to deliver "Talbot Extra Fine Peas, Sieve 23–24." In that case the court pointed out that the sale of an article by a particular description is rather a part of the contract than an express warranty. In such cases, at least where both buyer and seller are expert and able to judge of the character and quality of the shipment by inspection, the right of the vendee to recover damages upon the ground that the article furnished falls below the requirements of the contract does not survive the acceptance after reasonable opportunity to inspect the goods and ascertain the defects, if any. The motion to dismiss should therefore have been granted.

The judgment and order appealed from must be reversed and the complaint dismissed, with costs to appellant in this court and in the court below. All concur.